# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONORA M.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:20-cv-02104-MAA<br><br>**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On March 4, 2020, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying her application for Supplemental Security Income pursuant to Title XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

///

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# ADMINISTRATIVE HISTORY

On December 31, 2015, Plaintiff filed an application for Supplemental Security Income, alleging disability beginning on February 1, 2008. (Administrative Record [AR] 48, 443-51.) Plaintiff alleged disability because of asthma, back pain, anxiety, depression, knee pain, arthritis, and gastritis. (AR 315, 331.) After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 356-58.) At an initial hearing held on May 18, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 677-99.) At a second hearing held on October 18, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert. (AR 282-309.)

In a decision issued on January 18, 2019, the ALJ denied Plaintiff's disability claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 48-57.) Plaintiff had not engaged in substantial gainful activity since her application date of December 31, 2015. (AR 50.) She had severe impairments consisting of "history of ventricular septal defect (VSD), status post surgical repair in 1991 [AR 632]; 'mild' scoliosis [AR 635] with normal MRI of the lumbar spine [AR 648]; and gastritis (20 CFR 416.920(c))." (AR 50.) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 53.) She had a residual functional capacity ("RFC") for the full range of light work. (*Id.*) She could perform her past relevant work as a data entry clerk. (AR 56.) In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 57.)

Plaintiff requested review by the Appeals Council. (AR 440-42.) As part of her request, Plaintiff submitted several pages of additional medical evidence. (AR 24-44, 63-281.) The Appeals Council accepted the evidence that predated the

ALJ's decision on January 18, 2019 but rejected the evidence that postdated it. (AR 2.) On February 7, 2020, the Appeals Council denied Plaintiff's request for review. (AR 1.) Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise two disputed issues:

1. Whether the ALJ and/or the Appeals Council have properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity; and

2. Whether the ALJ has properly considered Plaintiff's subjective statements of record and testimony under oath in assessing Plaintiff's residual functional capacity.

(ECF No. 21, Parties' Joint Stipulation ["Joint Stip."] at 3-4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's

interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue One, based on the ALJ's reliance on the medical expert's testimony in assessing Plaintiff's RFC for light work. Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**A.    Plaintiff's Residual Functional Capacity (Issue One).**

    **1.    Legal Standard.**

A claimant's RFC represents the most a claimant can do despite his or her limitations. 20 C.F.R. § 416.945(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (1996). An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original). An ALJ will assess a claimant's residual functional capacity "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). A claimant "is ultimately responsible for providing the evidence to be used in making the RFC finding," but an ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are

considered." *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (citations omitted).

Moreover, a district court's resolution of this issue accounts for the evidence that the Appeals Council accepted for the record before denying a claimant's request for review. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.").

### 2. Background.

At the initial hearing, the ALJ noted that records relating to Plaintiff's breast cancer were missing. (AR 679-80.) The ALJ left the record open for Plaintiff's attorney to submit additional records after the hearing, but the ALJ nonetheless heard Plaintiff testify about her conditions. (AR 680-81.) Plaintiff testified, in pertinent part, that she also had congenital heart disease. (AR 687.)

At the second hearing, the ALJ heard the testimony of Dr. Savage, a medical expert. (AR 291-305.) Dr. Savage, a cardiologist and internist (AR 304), had questions about the records relating to Plaintiff's heart condition. Specifically, Dr. Savage did not see, in the record that existed at the time, an exercise test or stress test (AR 296), nor did he see an echocardiogram (AR 300). Dr. Savage commented that such evidence "would be the key." (AR 304.) Without the evidence, Dr. Savage could not determine whether Plaintiff had coronary disease (AR 301) or pulmonary hypertension (AR 300), which Dr. Savage called "a pathetic disease" (AR 304). Nonetheless, based on the evidence that was before him, Dr. Savage opined that Plaintiff had a residual functional capacity for "probably light" work. (AR 302-03.)

In his decision, the ALJ gave greater weight to Dr. Savage's opinion than to other medical opinions. (AR 55.) Thus, the ALJ concluded that Plaintiff had a residual functional capacity for light work (AR 53) and was not disabled (AR 57).

The Appeals Council, in considering Plaintiff's request for review, accepted and considered new evidence that Dr. Savage had commented might have been missing from the record. An exercise test from March 2017 showed that Plaintiff had exercised for three and a half minutes before stopping due to shortness of breath. (AR 255.) An echocardiogram from July 2017 showed multiple "normal" findings, as well as "mild tricuspid regurgitation." (AR 257.) An echocardiogram from November 2017 showed multiple "normal" findings, but also "Doppler findings [that] are consistent with mild pulmonary hypertension." (AR 164.) An echocardiogram from May 2018 led to a diagnosis of hypertensive heart disease. (AR 116.)

### 3. Analysis.

Based on the evidence that was presented for the first time to the Appeals Council, the RFC assessment was no longer supported by substantial evidence. *See Brewes*, 682 F.3d at 1159-60. The RFC assessment was based on the testimony of Dr. Savage, who testified that Plaintiff "probably" could perform light work (AR 302-03) yet found it difficult to determine, from the record before him, the seriousness of Plaintiff's heart condition. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (opinion of a medical expert who remained equivocal throughout his testimony, because he perceived the record was incomplete, did not support the ALJ's findings). The new evidence presented to the Appeals Council—specifically, the exercise test and the echocardiograms—was precisely the evidence that Dr. Savage believed was missing yet was "key" to his opinion. (AR 304.)

To be sure, the new evidence presented to the Appeals Council was not entirely in Plaintiff's favor. It showed, as noted, multiple "normal" findings. (AR

164, 257.) Yet it also suggested hypertensive heart disease (AR 116) and mild pulmonary hypertension (AR 164), which Dr. Savage called "a pathetic disease" (AR 304). Thus, the Court is unable to conclude that this new evidence, on the whole, is so benign that it would have made no difference to the medical expert's opinion, which in turn was the basis for the ALJ's RFC assessment. *See Hall v. Berryhill*, 717 F. App'x 708, 711 (9th Cir. 2017) (RFC assessment was unsupported by substantial evidence where new evidence considered by the Appeals Council suggested additional limitations). Moreover, this new evidence appears to have been particularly significant because it directly addressed Dr. Savage's repeated concerns about the apparent inadequacy of the medical record. *See Brewes*, 682 F.3d at 1163 (evidence presented for the first time to the Appeals Council warranted reversal because it "was directly responsive" to the witness's testimony); *see also Borrelli v. Commissioner of Social Sec.*, 570 F. App'x 651, 652 (9th Cir. 2014) (ALJ's findings based on the absence of medical records was no longer supported by substantial evidence where the evidence presented to the Appeals Council included those records). For these reasons, reversal is warranted.

**B.     Remand for further administrative proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, substantial evidence no longer supported the residual functional capacity assessment, in light of the evidence presented to the Appeals Council.

However, the record still is not free from conflicts and ambiguities, and essential factual issues remain outstanding. No ALJ or physician has had an opportunity to review the entire medical record to determine the seriousness of Plaintiff's conditions and to assess her functional abilities. Thus, the record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: June 15, 2021

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE